**In the Matter of INTERCO INCORPORATED, et al., Debtors.**

**Kent W. FINFROCK, Movant,**

**v.**

**INTERCO INCORPORATED, Respondent.**

**Bankruptcy No. 91–40442–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

April 27, 1993.

Bryan, Cave, McPheeters & McRoberts, Gregory D. Willard, Lloyd A. Palans, John C. Boyle, Carl J. Spector, Terry L. Pabst, St. Louis, MO, for debtors-in-possession.

Richard J. Gonzalez, IIT Chicago–Kent College of Law Law Offices, Chicago, IL, for movant.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This Order addresses "Movant Kent W. Finfrock's Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. Sec. 362."

This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(G). This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105 and 362 and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

### I. *Background*

On January 24, 1991, Interco Incorporated ("Interco") and thirty affiliated entities, including Florsheim Shoe Company ("Florsheim"), (collectively, the "Debtors") filed for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors' Chapter 11 cases are being jointly administered for procedural purposes only, pursuant to a January 25, 1991, Order of this Court.

The Debtors have continued in possession of their property and operated and managed their businesses as debtors-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

On April 26, 1991, Kent W. Finfrock ("Movant") filed a motion for relief from the automatic stay. Movant sought relief from the automatic stay provisions of 11 U.S.C. § 362 "to pursue to judgment a handicap discrimination complaint filed against Florsheim Shoe Company, Inc. by the Illinois Department of Human Rights."

In his motion, Movant alleged the following facts. Movant suffers from Acquired Immune Deficiency Syndrome ("AIDS"). On June 8, 1989, Movant was discharged from his position at Florsheim Shoe Company's corporate headquarters in Chicago. On August 31, 1989, Movant filed a charge of unlawful handicap and age discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). Pursuant to state law and procedure and to the terms of a work-sharing agreement between those two entities, the matter was assigned to an IDHR investigator. The IDHR investigator conducted an investigation, including a "Fact–Finding Conference" pursuant to Ill.Rev.Stat. Ch. 68, Sec. 7–102(C)(4).

On March 5, 1990, the IDHR issued, pursuant to Sec. 7–102(C)(4), a Notice of Substantial Evidence, concluding that Florsheim had committed unlawful handicap discrimination in paying Movant unequal wages and terminating his employment based upon its perception that Movant suffered from AIDS. Movant attached to his Motion in this case a copy of the Notice of Substantial Evidence and a copy of the Investigation Report.

According to Movant, after Florsheim refused to meaningfully participate in conciliation efforts initiated by the IDHR, pursuant to Sec. 7–102(F), the IDHR drafted a complaint against Florsheim, alleging unlawful handicap discrimination. The IDHR filed the Complaint at the Illinois Human Rights Commission ("IHRC") which, Movant asserts, in Illinois, has exclusive jurisdiction over discrimination claims arising under Ill.Rev.Stat. Ch. 68.

Movant asserts that the parties engaged in pre-hearing discovery pursuant to the Commission's Rules and Regulations, 56 Ill.Admin.Code Ch. XI, Sec. 5600 *et seq.* Each party filed a motion to compel. Movant's motion to compel was granted in part on February 14, 1991. According to Movant, his motion to compel also resulted in the entry of a protective order which provided for onsite inspection of various personnel records to be held no later than February 28, 1991. At the hearing on Movant's motion to compel, counsel for Florsheim advised the IHRC Administrative Law Judge that Florsheim and Interco had

filed for protection under Chapter 11 of the Bankruptcy Code on January 24, 1991. Movant asserts that the Administrative Law Judge ruled that the IHRC proceedings are exempt from the operation of the automatic stay because they fall within the "police powers" exception of Section 362(b)(4).

On February 15, 1991, assistant general counsel for Interco sent Movant's counsel a letter which stated Debtors position: the automatic stay applies to the administrative action. Debtors asserted they did not intend to let Movant to continue discovery. In addition, Debtors advised Movant to seek relief from the automatic stay. *Exhibit C to Motion for Relief from Automatic Stay.*

On March 19, 1991, this Court entered an Order granting Florsheim's motion to enforce the automatic stay and enjoining Movant from proceeding at the IHRC on April 3, 1991. Movant filed this motion for relief from the automatic stay. This Court conducted a hearing on this motion on May 23, 1991 and announced its findings and conclusions and orders from the bench on that day.

## II. *Automatic Stay*

Section 362 of the United States Bankruptcy Code provides, in pertinent part:

[A] petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ...

11 U.S.C. § 362(a)(1).

■ The automatic stay is one of the most vital and important protections which the Bankruptcy Code affords to a debtor. "It gives the debtor a breathing spell from his creditors." S.Rep. 95–989, 95th Cong., 2d Session 54 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 5840. The scope of the automatic stay is broad; all proceedings are stayed, including arbitration, administrative and judicial proceedings. *Id.* at 50. The automatic stay is a protection which should be enforced by the courts to every extent possible. There are, however, limited exceptions to the broad protection afforded by the automatic stay.

### A. *Police Power Exception*

■ Section 362(b)(4) provides that the automatic stay of Section 362(a) does not stay "the commencement or continuation of an action or a proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. §§ 362(b)(4). This exception applies "where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law." S.Rep. 95–989, 95th Cong., 2d Sess. 52 (1978), U.S.Code Cong. & Admin.News, p. 5838.

■ In his Motion, Movant asserts that his IHRC action is not subject to the automatic stay because it falls within the police power exception of Section 362(b)(4). The Complaint was filed on behalf of the Movant by the IDHR before the IHRC; the Complaint is styled *"Finfrock v. Florsheim Shoe Company Incorporated*[.]" The relief sought in the Complaint includes, inter alia: (1) that the Debtor reinstate Movant to his position; (2) that Debtor reinstate Movant's insurance coverages and pay any insurance premiums and medical expenses incurred as a result of the termination of Movant's insurance; (3) that Debtor pay Movant back wages; (4) that Debtor make Movant whole as to all benefits and seniority rights; (5) that Debtor pay Movant damages for pain, suffering, humiliation and emotional injury; and (6) that Debtor pay Movant reasonable attorneys' fees and costs.

This Court finds that the nonbankruptcy proceeding is essentially a proceeding to enforce private rights through proceedings

before the Human Rights Commission of the State of Illinois. To the extent that it is a proceeding to enforce private rights, the nonbankruptcy action is not subject to the police powers exception of Section 362(b)(4) of Title 11. Therefore, consistent with the purpose of Section 362, the automatic stay has operated to stay the nonbankruptcy proceeding that is being prosecuted by Movant.

## B. *Relief for Cause*

Section 362(d) provides that "the court shall grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such stay ... for cause, including the lack of adequate protection of an interest in property of such party in interest ..." 11 U.S.C. §§ 362(d)(1). Movant asserts that he has shown cause for this Court to grant relief from the automatic stay.

While the automatic stay is a broad protection afforded to debtors, it is not inflexible. It is almost impossible to draft any law or rule that would apply to every conceivable human situation or every circumstance.

■ Movant is requesting authorization to continue the nonbankruptcy proceeding in the nature of a request for injunctive relief and a request for a money judgment. The record reflects that the nonbankruptcy proceeding had progressed significantly through the nonbankruptcy administrative and court procedures prior to the commencement of this bankruptcy case. If the matter is not allowed to proceed in the nonbankruptcy forum, the Bankruptcy Court or another Federal Court may be required to review the record of the previous proceedings, and to apply nonbankruptcy law to the circumstances, in a very narrow, specialized area of jurisprudence. Such action would be inappropriate and unnecessarily duplicative.

In addition to these general principles of judicial economy, the Court must consider the specific circumstances that have been presented by the Movant in this case. There are very significant health and welfare concerns in that Movant suffers from AIDS. This Court finds that, although the automatic stay applies here, cause has been shown to exist such that relief from the stay is appropriate.

Therefore, the automatic stay is to be modified to permit Movant to proceed with the nonbankruptcy proceeding before the Illinois Human Rights Commission and, to the extent necessary, before the courts of Illinois. This modification of the automatic stay will also permit enforcement of whatever awards or judgments might be accorded to Movant in the nature of injunctive relief or reinstatement. If the Movant obtains a judgment granting reinstatement, prospective pay and/or fringe benefits, including payment of premiums for health insurance, the Movant may enforce such judgment without further order of the Bankruptcy Court. Further, the Movant's request for relief from the automatic stay to permit continuation of pretrial·discovery in the nonbankruptcy proceedings is granted.

To the extent that the nature of the nonbankruptcy proceedings may require prosecution of related matters, and entry of a judgment that might be included within the broad category of a prepetition claim, the automatic stay will be modified to allow the entire proceeding to go forward. However, collection of any money judgment for claims which arose prior to the commencement of the bankruptcy case, or since commencement of the bankruptcy case if based upon the entry of a judgment or award in the nonbankruptcy proceeding, is subject to further order from the bankruptcy court.

**IT IS ORDERED** that the Motion for Relief from the Automatic Stay filed by Movant Kent W. Finfrock is **GRANTED**; and that Movant is no longer prohibited from commencing or continuing the nonbankruptcy proceedings in the State of Illinois consistent with the provisions of this Order.